IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRYSTAL KINDY                                                                    PLAINTIFF

v.                                          CIVIL NO. 21-5073

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Krystal Kindy, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 23, 2018, alleging an inability to work since July 11, 2017,[2] due to narcolepsy, post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), degenerative disc disease, asthma, and gastrointestinal reflex disorder (GERD). (Tr. 223, 326). For DIB purposes, Plaintiff maintained

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the administrative hearing held on February 25, 2020, Plaintiff, through her counsel, amended her alleged onset date to July 14, 2017. (Tr. 156).

insured status through March 31, 2019. (Tr. 333). An administrative video hearing was held on February 25, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 152-193).

By written decision dated June 26, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 36). Specifically, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: osteoarthritis/degenerative disc disease of the cervical spine status post-surgery; degenerative disc disease of the lumbar spine; obesity; arthralgia; narcolepsy; insomnia; obstructive sleep apnea; asthma; GERD; generalized anxiety disorder; borderline personality disorder; ADHD; and PTSD. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 37). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally climb ramps and stairs but could never climb ropes, ladders or scaffolds. She could occasionally balance, stoop, kneel, crouch and crawl. She could frequently, but not constantly, reach and handle bilaterally. The claimant had to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation and hazards including no driving as part of work. The claimant could further perform work where interpersonal contact is routine but superficial, tasks are no more complex than those learned by experience, with several variables and use of judgment within limits, and the supervision required is little for routine tasks but detailed for non-routine tasks.

(Tr. 39). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a price marker, a router, an electrical accessory assembler, a circuit board assembler, an addresser, and a document preparer. (Tr. 51).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 8, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF

No. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 17,18).

**II.   Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must

be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

After reviewing the record, it is unclear to the Court whether the ALJ's RFC determination includes limitations resulting from Plaintiff's sleep disorder impairments. In determining Plaintiff's RFC, the ALJ found the opinions of Plaintiff's two treating neurologists, Drs. Beenish K. Khwaja and Dimitry A. Fomin, only partially persuasive. In doing so, the ALJ stated that "there are no objective findings in Dr. Khwaja's records that support his limitations on the claimant's ability to stand and/or walk or to sit;" and found "no support in [Dr. Fomin's] records for his sit and/or stand limitation or for his finding that the claimant's attention and concentration were deficient." (Tr. 49-50). While the ALJ provided a basis for discounting the sit, stand, and walk limitations set by both Drs. Khwaja and Fomin, the ALJ neglected to discuss their opinions that Plaintiff experienced recurrent daytime sleep attacks; and that due to Plaintiff's sleep disorder, she was unable to perform routine, repetitive tasks at a consistent pace, to meet strict deadlines, or to perform fast paced tasks. (Tr. 941, 1648). It is also noteworthy that the non-examining medical consultants, that the ALJ found to be persuasive, did not have either Dr. Khwaja's or Dr. Fomin's assessments for review before opining as to Plaintiff's capabilities during the relevant time period.[3] After reviewing the record, the Court finds remand necessary so that the ALJ can more fully and

---

[3] The Court notes that Disability Determination Explanation at both the initial and reconsideration levels note a consultative mental evaluation performed by Dr. Mary J Sontag. (Tr. 222, 237). Dr. Sontag's complete report is not in the transcript. (Tr. 683-685).

fairly develop the record regarding Plaintiff's sleep disorder impairments for the time period in question.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

IV.     **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of April 2022.

/s/     *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

.