IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KRYSTAL KINDY**                                                                                 **PLAINTIFF**

**V.**                               **CASE NO. 5:21-CV-05073**

**KILOLO KIJAKAZI,**[1] **Commissioner**
**Social Security Administration**                                          **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 21) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, filed in this case on April 11, 2022. The Magistrate Judge recommends reversing the Administrative Law Judge's ("ALJ") decision to deny Plaintiff Krystal Kindy's claim for disability insurance benefits and remanding the case to the Commissioner for further factfinding. The Commissioner filed objections to the R&R (Doc. 22), and the Court has now reviewed the entire case *de novo*, paying particular attention to those findings or recommendations to which objections were made. *See* U.S.C. § 636(b)(1)(C). For the reasons stated herein, the Court **ADOPTS** the R&R in its entirety.

Ms. Kindy filed her application for disability benefits on July 23, 2018, alleging an inability to work since July 11, 2017. The ALJ agreed that Ms. Kindy suffered from the following severe impairments: osteoarthritis/degenerative disc disease of the cervical spine status post-surgery; degenerative disc disease of the lumbar spine; obesity; arthralgia; narcolepsy; insomnia; obstructive sleep apnea; asthma; GERD; generalized

---

[1] Kilolo Kijakazi has been appointed to serve as Acting Commissioner of Social Security and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

anxiety disorder; borderline personality disorder; ADHD; and PTSD.  Nevertheless, the ALJ determined that Ms. Kindy could still perform light work, with a few specific limitations, and denied her claim for disability.

In reviewing the ALJ's opinion, the Magistrate Judge stated: "[I]t is unclear to the Court whether the ALJ's RFC determination includes limitations resulting from Plaintiff's sleep disorder impairments." (Doc. 21, p. 5). "RFC," which stands for "residual functional capacity," is "defined as what the claimant can still do despite his or her physical or mental limitations." *Lauer v. Apfel,* 245 F.3d 700, 703 (8th Cir. 2001) (citations omitted, punctuation altered). The RFC assessment is an indication of what the claimant can do on a "regular and continuing basis," given the claimant' disability. 20 C.F.R. § 404.1545(b).  As relevant here, the ALJ found that Ms. Kindy suffered from a myriad of conditions, including narcolepsy and obstructive sleep apnea, but concluded that she could still perform full-time work, provided that she was not required to drive; climb ropes, ladders, or scaffolds; or engage in anything more than routine or superficial contact with coworkers or the public as part of her job.  The problem with the ALJ's opinion is that it acknowledged Ms. Kindy's sleep impairments but did not account for them explicitly in the RFC.

The ALJ's RFC was based on: (1) clinical data and reports submitted by Ms. Kindy's treating physicians and (2) a capabilities assessment performed by state agency medical consultants who reviewed Ms. Kindy's medical file but did not examine her personally.  The Magistrate Judge pointed out that the state agency consultants did not have the benefit of reviewing Ms. Kindy's treating neurologists' recommendations as to

2

her functional capabilities related to her sleep disorder diagnoses. These assessments never made their way into the state agency reviewers' files.[2]

The Government observes in its objections to the R&R that the ALJ independently reviewed Dr. Khwaja's and Dr. Fomin's RFC assessments and found them to be credible only "to the extent [they were] consistent with the state agency consultants' assessments." (Doc. 11, pp. 55–56). However, it is not clear to what extent the consultants took into account Ms. Kindy's sleep disorder diagnoses when recommending an RFC. The ALJ also found there was "no support" in either doctor's records for the sit/stand/walk limitations they recommended. (Doc. 11, pp. 55–56). But the ALJ failed to mention the other limitations Drs. Khwaja and Fomin noted in their RFC recommendations, including those that accounted for Ms. Kindy's recurrent daytime sleep attacks—which, presumably, could affect her ability to perform tasks and meet strict deadlines at work.

To address the lack of clarity in the ALJ's opinion, the Magistrate Judge recommends that the ALJ "address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis." (Doc. 21, p. 6). The Magistrate Judge further recommends that the ALJ re-evaluate Ms. Kindy's RFC after obtaining the answers to the interrogatories, and, if needed, re-evaluate her disability determination. *Id.*

---

[2] The Government does not dispute this. *See* Doc. 22, pp. 5–6.

The Court agrees with the Government that the ALJ considered "the opinions of sleep disorder physicians Dr. Khwaja and Dr. Fomin" and found them to be "not persuasive." (Doc. 22, p. 1). However, the ALJ also credited these doctors' opinions to some degree—at least to the extent their opinions were "consistent with the state agency consultants' mental and physical residual functional capacity determinations." (Doc. 11, pp. 55–56). Unfortunately, it is impossible to tell from the record which sleep disorder recommendations were credited and which were not. The Government disagrees and believes it is "evident" which restrictions were imposed to address Ms. Kindy's narcolepsy. *Id.* at p. 2. The Court is less convinced. Accordingly, the Objections to the R&R (Doc. 22) are **OVERRULED**.

**IT IS THEREFORE ORDERED** that the R&R is **APPROVED AND ADOPTED** and the case **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED** on this 9th day of August, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE